## WOODRUFF *a.* VALENTINE.

*New York Superior Court ; Special Term, March* 1865.

### FRAUD.—ARREST.

A deceit practised by one of several joint debtors in inducing the creditor to accept his check, post dated, and indorsed by the other, is not a ground for authorizing his arrest in an action on the check against both.

Motion to vacate an order of arrest.

The facts are stated in the opinion.

MONCRIEF, J.—An order of arrest has been granted in this action against one of the defendants, upon the ground, as ap-

pears by the affidavit of the plaintiff, that said defendant was "guilty of a fraud in incurring the obligation for which this action is brought."

The facts of the case, as presented by the papers used by the respective parties upon this motion, may be stated briefly thus: On the 19th day of December, 1864, the plaintiff sold and delivered certain cattle to the defendants, without any thing being said as to terms of payment or otherwise, except as to the price to be paid therefor; that on the 21st day of December, 1864, the plaintiff applied to the defendant Washington Valentine for payment, who replied that he was not in readiness to make immediate payment; and it was arranged that the plaintiff would accept the check of Washington, payable in twenty days, if the same was indorsed by Peter Valentine; that a check so indorsed was accordingly made and delivered to the plaintiff, upon which check this suit is brought.

The plaintiff alleges that the defendant Washington made false representations as to his means, &c., at the time when said check was accepted. This is denied by the defendants.

Judgment has been entered against the indorser of the check, against whom no order of arrest was issued.

It is a sufficient answer to make to the argument to sustain the order of arrest, to say that this is not an action to recover upon an obligation incurred by the defendant's fraud. The action is to recover a debt, whereof the check is evidence.

Whether or not the plaintiff could have resorted to an action against the defendants upon all the facts set forth in his papers, need not be discussed; he has chosen to elect to prosecute his claim upon the check, and the order of arrest cannot be sustained.

The defendants "incurred an obligation" to pay the agreed price upon the delivery of the cattle, either upon demand or upon the expiration of such period of credit as might be shown to be customary when no time is prescribed for payment. If, upon demand being made, one of the defendants, by deceit, misrepresentation, or fraud, induced the plaintiff to give a longer credit, such facts might also probably give a right of action against such wrong-doer, but cannot aid in supporting an order of arrest in an action brought upon the check.

Upon the defendant stipulating not to sue, the order of

arrest must be discharged, with ten dollars costs, to be paid by the plaintiff.